UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PATRICK ORTIZ-KEHOE,

          Petitioner,

                                                    Case No. 01-10077
v.                                                   Honorable David M. Lawson

PAUL RENICO AND BILL MARTIN,

          Respondent.
_____/

**ORDER DENYING A CERTIFICATE OF APPEALABILITY AND MOTION TO REMOVE COUNSEL AND FOR LEAVE TO FILE SUPERSEDING NOTICE OF APPEAL, AND GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

        The petitioner has appealed this Court's order denying his application for a writ of habeas corpus under 28 U.S.C. § 2254. The matter is now before the Court for determination of whether a certificate of appealability should issue. The petitioner also asks the Court to allow him to proceed *in forma pauperis* on appeal, requests permission to file a superseding notice of appeal, and indicates that he no longer wishes to be represented by his attorney.

I.

        A certificate of appealability (COA) may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The petitioner's habeas petition asserted that his rights were violated when a witness testified that he had taken a polygraph examination; the trial court made erroneous evidentiary rulings and gave improper instructions to the jury; and the prosecution was permitted to present rebuttal evidence that should have been included in its case in chief. Upon review of the petition, the Court rejected each claim on the merits. The petitioner seeks a COA on each issue presented in his habeas petition. Because the Court's resolution of the petitioner's claims is not debatable, the certificate of appealability will be denied.

A.

The petitioner's first habeas claim was that the trial court wrongfully denied his motion for a mistrial, which was made after prosecution witness Billy Brown testified that he had been required to take a polygraph test. The petitioner argues that this deprived him of his constitutional rights to due process and to confront the witnesses against him. The Court determined that the United States Supreme Court has not held that the admission of evidence regarding polygraph tests violates the Constitution. Reasonable jurists could not debate the Court's determination of this issue. Therefore, a COA will not issue on these claims.

B.

The petitioner next claimed that two erroneous evidentiary rulings, compounded by improper jury instructions on how to consider the disputed evidence, deprived him of his right to a fair trial and his right to confront the witnesses against him. The Court concluded that the petitioner's right of confrontation was not violated by the testimony of Daniel Brown, the admission of the testimony of Fred Tripp did not violate the petitioner's rights under the law in effect at the time of the petitioner's direct appeal, the erroneous jury instructions likely favored the petitioner; and the

petitioner was not entitled to relief based on the cumulative effect of these claims. Because reasonable jurists could not debate the Court's assessment of the petitioner's claims, a COA will not issue on these claims.

C.

The petitioner's last habeas claim was that the trial court deprived him of a fair trial and the right to confront witnesses when it permitted the prosecutor to present rebuttal evidence that should have been included in the prosecution's case-in-chief, and when the prosecutor was permitted to vouch for particular witnesses. The Court concluded that the petitioner's rights were not violated because he was permitted to cross-examine the rebuttal witness and that the vouching was harmless error. Reasonable jurists would not debate the Court's assessment of these issues. Consequently, a COA will not issue on these claims.

II.

This matter is also before the Court on an application to proceed *in forma pauperis* on appeal. The docket indicates that the petitioner paid the $5 filing fee when he filed his petition in this Court. *See* 28 U.S.C. § 1914. Therefore, the petitioner is not automatically authorized to appeal *in forma pauperis* under Federal Rule of Appellate Procedure 24(a)(3) and must show that he qualifies for such status. Because the "good faith" requirement of 28 U.S.C. § 1915(a)(3) does not apply to habeas petitions, *Kincade v. Sparkman*, 117 F.3d 949, 951-52 (1997), this Court may authorize the prosecution of any appeal without the prepayment of fees by a prisoner who shows that he is unable to pay such fees. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1). The petitioner has submitted the required information, and the Court finds the defendant qualifies for *in forma pauperis* status. The petitioner's request will therefore be granted.

III.

Finally, the petitioner has filed a motion "to remove counsel and for leave to file superseding notice of appeal." The petitioner states his current attorney, Stuart Friedman, filed a notice of appeal in this case without authorization from the petitioner.

Generally, the filing of a notice of appeal operates to divest the district court of jurisdiction over a case. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59 (1982)*; Peck v. Lansing Sch. Dist.*, 148 F.3d 619, 625 (6th Cir. 1998); *Hogg v. United States*, 411 F.2d 578, 579 (6th Cir 1969). In *Hogg,* the Sixth Circuit noted "[t]he notice of appeal operate[s] to transfer jurisdiction of the case to this Court, and therefore the District Court ha[s] no jurisdiction." *Hogg*, 148 F.2d at 579 (citing *Keohane v. Swarco*, *Inc.*, 320 F.2d 429 (6th Cir. 1963); *United States v. Frank B. Killian Co.*, 269 F.2d 491 (6th Cir. 1958)). In *Griggs*, the Supreme Court similarly reasoned that "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control." *Griggs,* 459 U.S. at 59.

There is an exception to this rule where the district court acts in aid of the appeal. "The distinction, although sometimes blurred, is between actions that merely aid the appellate process and actions that alter the case on appeal." *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1013 (6th Cir. 2003). Unlike the issues addressed above, which not only aid in the appeal but are also required by Federal Rules of Appellate Procedure 22 and 24, permitting the petitioner to file a superseding notice of appeal would "alter the case on appeal," and the Court therefore has no jurisdiction to permit such a filing. In addition, a decision on the motion to remove counsel does not "aid the appellate process." The motions may be filed with the court of appeals.

IV.

Accordingly, it is **ORDERED** that the motion for a certificate of appealability [dkt # 24] is **DENIED**.

It is further **ORDERED** that the application to proceed *in forma pauperis* on appeal [dkt # 25] is **GRANTED**.

It is further **ORDERED** that the motion to remove counsel and for leave to file superseding notice of appeal [dkt # 26] is **DENIED without prejudice** because the Court lacks jurisdiction to grant such relief.

                s/David M. Lawson
                DAVID M. LAWSON
                United States District Judge

Dated:  February 23, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 23, 2007.

                s/Felicia M. Moses
                FELICIA M. MOSES